*Rutland,*
*February.*
1814.

Young
*vs.*
Shaw.

---

## BROWN *vs.* BEBEE.

An action cannot be maintained on a note of hand, which is in the following words: For value received, I promise to pay J. B. sixteen the first day of May next, with interest. Parol proof not being admissible, to explain such patent ambiguity ; but the payee must resort to the original contract—treating the note as a nullity.

THE plaintiff in error, who was also plaintiff below, had commenced an action before a justice of the peace, on a promissory note, which was carried to the County Court by appeal ; in which court the plaintiff declared on a promissory note of the following tenor :

*Rutland,*
*February.*
1814.

Sixteenth of March, 1812. For value received, I promise to pay Jonathan Brown sixteen, on the first day of May next, with interest.
(Signed) AARON BEBEE.

The plaintiff in his declaration, averred that the word *sixteen,* in the note, meant sixteen dollars.

Rutland,
February.
1814.

Brown
vs.
Bebee.

On trial of the action, upon the general issue, the County Court refused to admit parol evidence, to explain the note, and shew that by the word sixteen, the parties meant sixteen dollars; to which decision of the Court, the plaintiff's council excepted, and filed a bill of exception, on which this writ of error was brought. The error assigned, is, the rejection by the County Court, of parol evidence to explain the note.

Plea—*that there is no error.*

*Strong* and *Mallary,* for the plaintiff in error. Parol evidence ought to have been admitted to explain the note. The word sixteen, had, in the minds of the parties, some meaning; it had reference to something.—" The sum of sixteen," must have been intended money—they could mean nothing else, as the sum was payable with interest. Under such circumstances, the law will permit explanation by parol proof; and the defendant will not be permitted, by such a mere slip in drawing the note, to evade the payment of a debt, which he honestly owes, and is bound in conscience to pay.

*Langdon,* for the defendant. What the parties intended by inserting in the note, the words " sixteen," is as uncertain as any thing can be. They might have intended, dollars, cents, pounds, shillings, pence, or any number of any thing; for it may be made to mean any and every thing, which passes by number. It is a patent ambiguity, which appears on the face of the instrument; and parol evidence cannot be admitted to explain it. Peak's Ev, 82,

The opinion of the Court was delivered by

CHIPMAN, Ch. J. the rule certainly is, as laid down by the defendant's counsel, that parol proof cannot be admitted to explain, extend or vary a written contract. There is but one exception, if it may be called an exception, that is, in the case of a latent ambiguity. As in the case usually put, of a devise to A.—there are two persons by the name of A. father and son : this, appearing by parol proof, introduces an ambiguity, as to the person intended by the testator. But as the ambiguity is not apparent on the face of the devise, it is called a latent ambiguity, and as it is raised by parol, it may be explained by parol, But where there is a devise

*Rutland,*
February.
1814.

Brown
*vs.*
Bebee.

of $50,00 wholly omitting to name any devise ; this is a patent ambiguity, which cannot be explained by parol.

But it is said, that this is a mistake, and that mistakes are allowed to be rectified.   There are cases in which a court of Chancery will correct a mistake, or rather, compel the party to correct it, by supplying what was omitted by mistake ; but this does not belong to a court of law.

But, in simple contracts, a party is rarely without remedy in a court of law.   As in the present case, the note through an omission being void or ineffectual, the plaintiff may resort to the original contract.   He may sue on the original cause of action, and recover the demand, for which the note was intended to be given.   Had the plaintiff, in this case, added a count applicable to the original contract, he might have recovered what was his just due ; he still may have that remedy.

But in this action, brought on the note, the County Court were right in rejecting parol evidence, to prove what the note should have been, or how it should have been written ; the decision is supported equally by precedent, and the soundest principles.   In an action on a note, the plaintiff is entitled to recover, by proving only the execution of the note ; from the solemnity and certainty of the instrument, it affords evidence of the contract, the consideration, and of every thing which is necessary to entitle the plaintiff to recover.   To give this effect to a note, and yet allow the plaintiff to supply any defect in the note, by parol testimony, or in other words, to prove what the note should have been, as agreed between the parties, by parol, is perfectly inconsistent—it would be to give the plaintiff all the benefit of a written contract, and yet permit him to prove the contract by parol testimony.

The judgment of the County Court must therefore, be affirmed.